IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DOUGLAS SHARP,<br><br>                    Defendant. | **ORDER AND MEMORANDUM DECISION**<br><br><br><br>Case No. 1:06-CR-00025-TC |

On December 23, 1997, Defendant Douglas Sharp plead guilty to felony burglary in Idaho. At sentencing, the Idaho district court "withheld judgment" under Idaho Code § 19-2601 and placed him on three years probation. Although Mr. Sharp completed his probation, he did not, as permitted by Idaho Code § 19- 2604, move to have his guilty plea set aside and his case dismissed.

In April 2006, the federal grand jury in the District of Utah indicted Mr. Sharp on one count of making a false statement during the attempted acquisition of a firearm. Later, in October 2006, the United States Attorney's office filed a one-count felony information charging Mr. Sharp with possessing a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The 1997 Idaho felony burglary was the predicate felony offense.

Mr. Sharp filed a motion to dismiss the felony information.  His primary contention was that the withheld judgment was not a conviction.  This court certified to the Idaho Supreme Court the question whether an outstanding withheld judgment based on a guilty plea was a conviction under Idaho law.  On January 30, 2008, the Idaho Supreme Court unanimously held that it was.

Mr. Sharp has now filed a renewed motion to dismiss contending that prosecution of him would violate the Due Process Clause because he was not given "fair warning" that he was a convicted felon.   But the court concludes, based upon the clarity of the combination of 18 U.S.C. § 922(g)(1) and Idaho Code § 19-2601(3), and the consistent Idaho jurisprudence in defining a withheld judgment as a conviction, Mr. Sharp received fair warning that he was a convicted felon and would be prosecuted for possessing a firearm.  Accordingly, Mr. Sharp's Due Process rights were not violated and his Renewed Motion to Dismiss the Indictment is DENIED.

ANALYSIS

Fair Warning

Mr. Sharp contends that 18 U.S.C. § 922(g)(1), when read with Idaho Code §19-2601(3), is void for vagueness as applied to him.  Specifically, he claims that he had a reasonable belief that the Idaho withheld judgment was not a conviction and therefore he was not given fair warning that his possession of a firearm was criminal.

The Due Process Clause requires that criminal statutes give " fair warning . . . in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear." United States v. Lanier, 520 U.S. 259, 265 (1997) (quoting McBoyle v. United States, 283 U.S. 25, 27 (1931)).

Both Mr. Sharp and the United States have submitted evidence, including affidavits and various court records, on the issue of whether Mr. Sharp reasonably believed that he was a convicted felon. But the court does not believe such evidence is relevant. Instead, the court concludes that it must resolve the issue through analysis of the statutes and Idaho law.

### The Statutes

Mr. Sharp is charged with a violation of 18 U.S.C. § 922(g)(1). This statute makes it a crime for a convicted felon to possess a firearm. The only mens rea necessary is that a defendant knew that he possessed a firearm. United States v. Capps, 77 F3d 350, 353 (10th Cir. 1996).

Whether a person has been "convicted" is determined by "the law of the jurisdiction in which the proceedings were held." 18 U.S.C.§ 921(a)(20). For that reason, Idaho law dictates whether Mr. Sharp was a convicted felon at the time he allegedly possessed a firearm.

Idaho Code § 19-2601(3) allows a court, in its discretion, to "withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation . . . ." Id. A defendant who receives a withheld judgment may, under § 19-2604(1), move to have his guilty plea set aside and the judgment dismissed. Although Mr. Sharp had successfully completed his probation, he did not make such a motion.

### Idaho Law

The Idaho Supreme Court, in its opinion answering this court's question whether a withheld judgment was a conviction, provided an exhaustive description of the Idaho law on the subject of convictions. United States v. Sharp, 179 P.3d 1059 (Idaho 2008). Before that court, Mr. Sharp pointed to the decision in State v. Cliett, 534 P.2d 476 (Idaho 1975) in support of his argument that a withheld judgment was not a conviction. Sharp, 179 P.3d at 1061. The Cliett

Court held that withheld judgment was not a conviction for the purpose of impeachment of a witness.  Cliett, 534 P.2d at 480.

In Sharp, the Idaho Supreme Court first noted that "[a]s it is ordinarily used, the term 'conviction' means the establishing of guilt either by a plea of guilty or by a finding of guilt following a trial."  Sharp, 179 P.3d at 1060.  The Court acknowledged that it had "previously recognized that there is a narrower definition of 'conviction' that means a judgment of conviction."  Id. at 1061.  But the Court emphasized that Mr.Sharp had "not pointed to any Idaho statute in which the word 'conviction' means a judgment of conviction, and it clearly does not."  Id.  The Court then listed, as examples, a number of Idaho statutes that "reinforce the fact that a conviction under Idaho law must precede punishment, including withholding judgment and placing the defendant on probation."  Id.  Finally, the Court analyzed Cliett and the cases relied on by the Cliett Court, concluding that "none of those opinions support the statement in Cliett that a defendant granted a withheld judgment has not been convicted."  Id.

> The Three Related Manifestations of the Fair Warning Requirement

The United States Supreme Court outlined what it called the "three related manifestations of the fair warning requirement":

> First, the vagueness doctrine bars enforcement of "a statute which either
> forbids or requires the doing of an act in terms so vague that men of common
> intelligence must necessarily guess at its meaning and differ as to its application."
> Second, as a sort of "junior version of the vagueness doctrine," the canon of
> strict construction of criminal statutes, or rule of lenity, ensures fair warning by
> so resolving ambiguity in a criminal statute as to apply it only to conduct
> clearly covered.  Third, although clarity at the requisite level may be
> supplied by judicial gloss on an otherwise uncertain statute, due process bars
> courts from applying a novel construction of a criminal statute to conduct that
> neither the statute nor any prior judicial decision has fairly disclosed to be
> within its scope.

Lanier, 520 U.S. at 266 (internal citations omitted).

Although at the heart of each of these three doctrines is the due process requirement of notice and fair warning, there are slight differences among the three. For that reason, the court will analyze Mr. Sharp's claim under each of the three.

### 1. void-for-vagueness

The void-for-vagueness doctrine mandates that a criminal statute "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). Mr. Sharp contends that 18 U.S.C. § 922(g)(1), in combination with the withheld judgment provision of Idaho Code § 19-2601(3), runs afoul of that doctrine. Moreover, Mr. Sharp points to the fact that this court asked the Idaho Supreme Court to clarify its position on whether a withheld judgment was a conviction as evidence of the ambiguity of the statutes when read together.

"It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975). The United States believes that this means that the court (or a jury) must decide, based on what Mr. Sharp was told or not told about the significance of a withheld judgment, whether Mr. Sharp reasonably believed that he was a convicted felon. The United States relies on cases involving 18 U.S.C. § 922(g) where the issue was whether a defendant was "an unlawful user of or addicted to any controlled substance" and therefore prohibited from possessing a firearm. 18 U.S.C. § 922(g)(3). But the question in those cases is far different than the question here. Whether a particular person is a user or an addict is clearly a

factual issue with evidence needed about the amount of drugs the person consumes, how often, etc. But deciding if the law gave Mr. Sharp fair warning that he, as a convicted felon, was prohibited from possessing a firearm requires the court to confine its analysis to the state of the law at the time of Mr. Sharp's alleged offense.

The decision in Rose v. Locke, 423 U.S. 48 (1975) is instructive. The defendant in Rose was convicted in Tennessee of committing a "crime against nature" when he forced a female neighbor to submit to cunnilingus. Although the Tennessee courts had never before decided whether cunnilingus was a "crime against nature," the Court held that the decision by the Tennessee courts was not unforeseeable. The Court rejected the defendant's argument that because some jurisdictions had taken a narrow view of "crime against nature" while other jurisdictions had given it a broader interpretation, the defendant would not know whether cunnilingus was such a crime in Tennessee. The court noted that "[m]any statutes will have some inherent vagueness" and [e]ven trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid." Rose, 423 U.S. at 49-50. The Court examined the relevant Tennessee law, noting that "[a]s early as 1955 Tennessee had expressly rejected a claim that 'crime against nature' did not cover fellatio, repudiating those jurisdictions which had taken a 'narrow restrictive definition of the offense.'" Id. at 52 (quoting Fisher v. State, 277 S.W.2d 340 (1955)).

Similarly, as the decision by the Idaho Supreme Court emphasized when it examined the use and meaning of "conviction," Idaho statutes and Idaho case law make clear "that a conviction under Idaho law must precede punishment, including withholding judgment and placing the defendant on probation." Sharp, 179 P.3d at 1061.

Accordingly, the court concludes that the combination of 18 U.S.C. § 922(g)(1) and the withheld judgment provision of Idaho Code § 19-2601(3), as applied to Mr. Sharp, is not void for vagueness.

2. rule of lenity

The Court in Reno v. Koray, 515 U.S. 50 (1995) was faced with the proper construction of the term "official detention" as used in 18 U.S.C. § 3585(b) which provides that a defendant "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Koray, 515 U.S. at 52. The Bureau of Prisons refused to give the defendant credit for time he had spent in a community treatment center when released on bail. Id. at 52-53. The defendant filed a petition for habeas corpus claiming, among other things, that under the rule of lenity, he was entitled to credit under the statute. Id. at 53. He contended that because there was a split of authority in the circuit courts about the meaning of "official detention," the Court should adopt the less restrictive construction of the term that would then allow him to receive credit for time spent in the community treatment center. Id. at 64.

The Court disagreed, noting that a statute was not "ambiguous" for purposes of the rule simply because courts disagreed over its proper interpretation. Id. at 64-65. The Court reiterated its previous holdings that the rule of lenity applied only after all means of statutory construction had been exhausted, Congress' intent was still unclear. Id. at 65.

In this case, for essentially the same reasons that the court has concluded that relevant statutes are not unconstitutionally vague, the court finds that they are not so ambiguous that resort to the rule of lenity is appropriate.

3. retroactive application of a judicial decision

An unforeseeable judicial interpretation of a criminal statute does not give a defendant fair warning that his or her conduct is prohibited.  See Bouie v. Columbia, 378 U.S. 347 (1964).  In Bouie, the Court held that two students convicted under a South Carolina statute that prohibited trespassing were denied Due Process.  Id. at 363.  The statute defined trespass as "entry upon the lands of another . . . after notice from the owner . . . prohibiting such entry."  Id. at 349 n.1.  Although before the defendants in Bouie were tried, the statute had uniformly been construed to require proof of notice before entry, the South Carolina court in Bouie found that the statute extended to the defendants who had received no notice that their entry was prohibited.  Id. at 349, 356-57.  The Court noted that the new construction of the statute was "clearly at variance with the statutory language" and had "not the slightest support in prior South Carolina decisions."  Id. at 356.

In a later decision, Rogers v. Tennessee, 532 U.S. 451 (2001), the Court rejected defendant's claim that his right to Due Process was violated when the Tennessee court abolished the common law "year and a day" rule that provided that a murder victim must die within one year and a day before the assailant could be convicted of murder.  Id. at 454-56.  The Court held that "a judicial alteration of a common law doctrine of criminal law violates the principle of fair warning, and hence must not be given retroactive effect, only where it is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'"  Id. at 462 (quoting Bouie, 378 U.S. at 354).

The careful analysis of the Idaho Supreme Court makes clear that it's decision that a withheld judgment is a conviction is neither "unexpected" nor "indefensible" in light of the prior

law.

In sum, Mr. Sharp received fair warning that a withheld judgment was a conviction and therefore, his Due Process rights were not violated. Mr. Sharp's Renewed Motion to Dismiss the Indictment is DENIED.

SO ORDERED this 17th day of June, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL

Chief Judge